UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH A. PETERSON,<br><br>            Plaintiff,<br><br>   v.<br><br>IMSI,<br><br>            Defendant. | Case No. 1:20-cv-00076-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Joseph A. Peterson's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case with prejudice.

1. **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.  **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho Maximum Security Institution ("IMSI"). Plaintiff claims that an unidentified prison medical provider "refuse[d] to see" Plaintiff after

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

Plaintiff "asked for the removal of [his] salivary glands." *Compl.*, Dkt. 3, at 2. Plaintiff apparently saw a provider eventually, however, because he alleges that "[t]hey denied [him] the surgical removal" of those glands, which Plaintiff states was required for better oxygenation in his blood.

**4.     Discussion**

   **A.     *Plaintiff's Claims Are Barred by the Eleventh Amendment***

   Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. He also asserts claims under 42 U.S.C. §§ 1985 and 1986, which prohibit conspiracies to violate civil rights. *Compl.* at 1, 2. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

   The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state or state entity absent a waiver of state sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not constitute such a waiver, nor do §§ 1985 or 1986. *Quern v. Jordan*, 440 U.S. 332, 342–44 (1979) (section 1983); *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) (sections 1983 and 1985); *see also McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990) (holding that stating a § 1986 claim first requires stating a § 1985 claim). Further, Idaho itself has not waived its sovereign immunity for constitutional claims. *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012)

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

(unpublished). Finally, only a "person" may be sued pursuant to §§ 1983, 1985, and 1986, and a state is not considered a "person" under those statutes. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jachetta*, 653 F.3d at 908.

Because the only named defendant is IMSI—a state prison—Plaintiff's claims are implausible under the Eleventh Amendment and must be dismissed.

### B. *Opportunity to Amend*

The Court now considers whether to allow Plaintiff an opportunity to amend the Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is

appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se litigants so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit should have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135-36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. Plaintiff's claims are barred because it is clear from the face of the Complaint that the only named Defendant is immune from suit. Therefore, the Court will dismiss the Complaint with prejudice and without leave to amend.

## ORDER

**IT IS ORDERED** that Plaintiff's Complaint (Dkt. 3) is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). If Plaintiff intends to pursue civil rights claims against

non-immune defendants that are not duplicative of claims asserted in Plaintiff's other pending cases,[1] he may file a new, separate lawsuit asserting such claims.

DATED: March 24, 2020

B. Lynn Winmill
U.S. District Court Judge

---

[1] *See, e.g., Peterson v. IMSI Medical*, 1:20-cv-00067-DCN (D. Idaho); *Peterson v. IMSI Medical*, 1:20-cv-00073-BLW (D. Idaho); *Peterson v. IMSI Medical*, 1:20-cv-00077-DCN.